Filed 11/1/13  P. v. Price CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F066372 |
| Plaintiff and Respondent, | (Super. Ct. No. F11906216) |
| v. | |
| RONALD SEAN PRICE, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

On October 3, 2012, appellant, Ronald Sean Price, executed a felony advisement, waiver of rights and plea form, and entered into a plea agreement. Appellant waived his constitutional rights in the plea form and in court pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. The court reviewed the consequences of a guilty plea with appellant and the parties stipulated to a factual basis for the plea.[1] Under the terms of the plea agreement, appellant would be released pending sentencing. The court would sentence appellant to a term of two years and strike the prior serious felony conviction if appellant followed the directions of the probation department and appeared for the sentencing hearing. If appellant failed to do these things, the court could impose a maximum sentence of 11 years.

Appellant pled guilty to felony possession of heroin (Health & Saf. Code, § 11350, subd. (a)/count 1) and felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)/count 2). Appellant admitted a prior serious felony conviction within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)) and multiple prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).

---

[1] At 11:10 p.m., on October 13, 2011, police officers were on routine patrol near a trailer park through an area known for high criminal activity, including thefts, burglaries, and narcotic related offenses. The officers observed appellant seated in a vehicle parked in the roadway, not in a parking space. As officers approached the vehicle, they saw appellant hide something under his right leg. Appellant appeared very nervous, displayed eye tremors when he closed his eyes, and was breathing rapidly and heavily. Appellant's pupils were very large. Appellant admitted that he regularly used heroin and methamphetamine. Appellant was asked to step out of the vehicle. Following search of appellant and his vehicle, officers found two plastic bindles of heroin in his vehicle and methamphetamine in his pants pocket.

Appellant failed to appear on November 14, 2012, for the sentencing hearing, and a bench warrant was issued for his arrest.

On November 30, 2012, the court sentenced appellant to prison for the midterm of two years on count 1. This sentence was doubled to four years pursuant to the three strikes law. The court sentenced appellant to a consecutive sentence of one year four months on count 2. The court imposed consecutive terms of one year for each of the two prior prison term enhancements. Appellant's total sentence was seven years four months. The court awarded custody credits of 30 days and conduct credits of 30 days for total custody credits of 60 days, and imposed a restitution fine and other fines and fees.

The trial court denied appellant's request for a certificate of probable cause. Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on March 8, 2013, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.